## Case No. 16,009.

### UNITED STATES v. PATTERSON.

[3 McLean, 53.] [1]

Circuit Court, D. Ohio. July Term, 1842.

UNITED STATES MARSHALS — PAYMENTS TO DEPUTIES—PENALTIES—INFORMERS AS WITNESSES.

1. A marshal of the United States is bound to pay over to his deputies and assistants, in taking the census, the same funds, or their equivalent, which he may have received from the government.

2. And if he pay less, he is liable to the penalty of five hundred dollars. under the act of the 3d of March, 1839 [5 Stat. 336].

3. An informer is a competent witness, although he may receive a part of the penalty. This is not strictly the rule at the common law.

4. But it is founded on necessity and policy, and is now fully established.

5. A sale of treasury notes by the marshal for currency, at eight per cent. premium, and a payment of his deputy in such currency, is a violation of the law.

[This was an indictment against John Patterson, a United States marshal, charging him with paying his deputies in depreciated paper. See Case No. 16,010.]

OPINION OF THE COURT. This is an indictment against the defendant for having, as marshal of the United States for the district of Ohio, paid his deputies for taking the sixth census, less than he received from the government, for the same service. The eleventh section of the act of the 3d of March, 1839, in relation to the taking of said census, provides, "that if any marshal, in any district within the United States or territories, shall, directly or indirectly, ask, demand or receive, of any assistant to be appointed by him under this act, any fee, reward or compensation, for the appointment of such assistant to discharge the duties required of such assistant, any portion of the compensation allowed to the assistant by this act, the said marshal shall be deemed guilty of a misdemeanor in office, and shall forfeit and pay the amount of five hundred dollars for each offence, to be recovered by suit or indictment," &c.

As the informer, under this statute, receives one half the penalty, on conviction, being called as a witness, he was objected to, as incompetent. "An informer, who is entitled to any part of the penalty, is, in general, incompetent to give evidence; but in some instances the testimony of informers has been received, where a statute could receive no execution unless the party seeking to recover the penalty were admitted as a witness." 4 Phil. Ev. 166. Heward v. Shipley, 4 East, 180; Mead v. Robinson, Willes, 425. Although by the common law informers entitled to a part of the penalty are incompetent, yet by the particular provisions or policy of several acts of parliament, they may

be admitted. "In a prosecution on St. 21 Geo. III. c. 37, against exporting machinery, the informer is competent. So on a prosecution for penalties under St. 9 Anne, c. 14, § 5, the loser of money at cards may prove his loss. And on a prosecution under St. 23 Geo. II. c. 13, § 1, for seducing artificers to go out of the kingdom, the prosecutor is a competent witness, although entitled to a moiety of the penalty." In neither of the above acts is it provided that the informer may be a witness. In U. S. v. Murphy, 16 Pet. [41 U. S.] 213, it was held that an informer was a competent witness, although he received a part of the penalty, "upon the ground of necessity and of public policy, and of attaining the manifest objects of the statute, and the ends of justice."

The informer, being sworn as a witness, stated, that being appointed by the marshal to take the census in the county in which he lived, was sworn as such; that he performed the work, and was entitled to receive as his compensation five hundred thirty-eight dollars and twenty-six cents; that he received from the defendant a letter enclosing a check for five hundred and twenty dollars and twenty-six cents, on the Columbus Bank; that eighteen dollars were retained under the pretence that the return was imperfect, and had to be corrected. The witness returned the check, and requested that he might receive his pay in treasury notes. Afterwards, when witness saw defendant at Columbus, he proposed to receive from him a thousand dollar draft, but the defendant refused to pay it, saying that he had no funds, but those in the Franklin Bank. This was about the 9th of July, 1841. Subsequently, defendant offered the witness a check on the receiver at Jeffersonville, to pay other claims which the witness might have, if he would pay specie in change, the check being large. This the witness could not do. The witness then received the check first transmitted to him, demanded specie of the bank, but was refused, and he was obliged to receive currency, which was at a discount of some six or ten per cent. He used the paper at a loss of ten per cent. Defendant refused to pay the witness the premium for which he sold the treasury notes. Witness offered to take less; but this also was refused. It was proved that treasury notes were worth nine or ten per cent. in currency. The treasury notes remitted to the defendant were sold by him for eight per cent.

The cause was argued before the jury, by the counsel on both sides.

THE COURT instructed the jury, that a payment in currency of less value than the treasury notes received by the government, was a violation of the act above cited, and subjected the defendant to the penalty prescribed by it; that no public officer can speculate upon the funds of the public placed in his hands for disbursement; that the act was designed to prevent such an use of the public money.

[1] [Reported by Hon. John McLean, Circuit Justice.]

But if a deputy, knowing his rights, should voluntarily receive in payment that which was of less value than specie, he would have a right to waive his claim in this respect. But, if he was ignorant of his rights, or if knowing them, was compelled by circumstances to receive less than the entire sum in specie, or its equivalent, the defendant must be found guilty. If the assistant, in this case, was paid in a currency of less value than treasury notes, by eight per cent., the defendant as much violated the law as if he had retained the same per cent., paying the balance in specie.

The jury found the defendant guilty, &c.